RECEIVED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JUN 3 0 2003

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

STEVEN FARRELL BOUCHER
_____

_____

_____

DOCKETED

JUN 3 0 2003

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

# 03C 4514

JUDGE GOTTSCHALL

MAGISTRATE JUDGE LEVIN

vs.                          Case No:_____

OFFICE OF THE COOK COUNTY        (To be supplied by the Clerk of this Court)
STATE'S ATTORNEY'S OFFICE,
JOHN MAHONEY, ASA, KEVIN FINGER, ASA,ASA, PERNKE, ASA, GEMSKE,
in there official capacity as agents and individually, ABSHI
C. CUNNINGHAM, individually, and in his official capacity as
a Cook County Judge, THE CHICAGO POLICE DEPARTMENT, CITY OF
CITY OF CHICAGO, Det. LAWRENCE POLI #5th District, Sgt. DEAN
ANDREWS #902, Sgt. JEROLD SWARBRICK #1677, Det. DAN STACK #201555,

Det. DAN STACK #20155, Det. LAWRENCE SOLTYSIAK #20592, Det.
JAMES PARKER #21027, Sgt. JAMES McGOVERN #1832, Det. HECTOR
MATHIS #9350, Det. MARIA PENA #15905, Sgt. JOE MANNO #2082,
Det. MIKE FELDMAN #2119, Det. CY KOMOROWSKI #20177, Sgt. RICHARD
_____ ELMER #949, Det. SUSAN JAMES #20872, Det.
(Enter above the full name of ALL    WILBUR PIERCE # 20115, Sgt. RICHARD BATRICH
defendants in this action. Do not    #1032, Det. JOHN GRIFFIN #21129, in there
use "et al.")                        official capacity as agents of the Chicago
                                     Police Department, and individually.

**CHECK ONE ONLY:**

XXXX      **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
_____   **U.S. Code** (state, county, or municipal defendants)

_____   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
          **28 SECTION 1331(a) U.S. Code** (federal defendants)

_____   **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.  **Plaintiff(s):** STEVEN FARRELL BOUCHER

    A.   Name: STEVEN FARRELL BOUCHER

    B.   List all aliases: PLAINIFF ASSERTS THAT HE HAS NEVER USED AN ALIAS BUT AUTHORITIES HAVE MIS-SPELLED HIS NAME. (SEE

    C.   Prisoner identification number: ATTACHED) (K78439) EXHIBIT PAGE #7

    D.   Place of present confinement: LOGAN CORRECTIONAL CTR.

    E.   Address: 1096 1350TH STREET, LINCOLN, ILLINOIS 62656

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)      N/A

II.  **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.   Defendant: LAWRENCE POLI

          Title: DETECTIVE

          Place of Employment: CHICAGO POLICE DEPARTMENT

    B.   Defendant: JEROLD SWARBRICK #1677

          Title: SGT.

          Place of Employment: CHICAGO POLICE DEPARTMENT

    C.   Defendant: DEAN ANDREWS ##902

          Title: SGT.

          Place of Employment: CHICAGO POLICE DEPARTMENT

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 4/01

D.   Defendant: DAN STACK #201555

Title: DETECTIVE

Place of Employment: CHICAGO POLICE DEPARTMENT

E.   Defendant: LAWRENCE SOLTYSIAK #20592

Title: DETECTIVE

Place of Employment: CHICAGO POLICE DEPARTMENT

F.   Defendant: JAMES PARKER #21027

Title: DETECTIVE

Place of Employment: CHICAGO POLICE DEPARTMENT

G.   Defendant: JAMES McGOVERN #1832

Title: SGT.

Place of Employment: CHICAGO POLICE DEPARTMENT

H.   Defendant: HECTOR MATHIS #9350

Title: DETECTIVE

Place of Employment: CHICAGO POLICE DEPARTMENT

I.   Defendant: MARIA PENA #15905

Title: DETECTIVE

Place of Employment: CHICAGO POLICE DEPARTMENT

J.   Defendant: JOHN MAHONEY

Title: ASSISTANT STATE'S ATTORNEY

Place of Employment: OFFICE OF THE COOK COUNTY STATE'S ATTORNEY

K.   Defendant: KEVIN FINGER

Title: ASSISTANT STATE'S ATTORNEY

Place of Employment: OFFICE OF THE COOK COUNTY STATE'S ATTORNEY

L.   Defendant: MS. PERNEKE

Title: ASSISTANT STATE'S ATTORNEY

Place of Employment: OFFICE OF THE COOK COUNTY STATE'S ATTORNEY

(3)

M.  Defendant: MS. GEMSKE

Title: ASSISTANT STATE'S ATTORNEY

Place of Employment: OFFICE OF THE COOK COUNTY STATE'S ATTORNEY

N.  Defendant: JOSEPH MANNO #2082

Title: Det. CHICAGO POLICE DEPARTMENT

Place of Employment: CHICAGO POLICE DEPARTMENT

O.  Defendant : MIKE FELDMAN #2119

Title: DETECTIVE

Place of Employment: CHICAGO POLICE DEPARTMENT

P.  Defendant: CY KOMOROWSKI #20177

Title: SGT.

Place of Employment: CHICAGO POLICE DEPARTMENT

Q.  Defendant: RICHARD ELMER #949

Title: SGT.

Place of Employment: CHICAGO POLICE DEPARTMENT

R.  Defendant: SUSAN JAMES #20872

Title: DETECTIVE

Place of Employment: CHICAGO POLICE DEPARTMENT

S.  Defendant: WILBUR PIERCE #20115

Title: DETECTIVE

Place of Employment: CHICAGO POLICE DEPARTMENT

T.  Defendant: RICHARD BATRICH #1032

Title: SGT.

Place of Employment: CHICAGO POLICE DEPARTMENT

U.  Defendant: JOHN GRIFFIN #21129

Title: DETECTIVE

Place of Employment: CHICAGO POLICE DEPARTMENT

V.  Defendant: KEVIN FINGER

Title: ASSISTANT STATE'S ATTORNEY

Place of Employment: COOK COUNTY STATE'S ATTORNEY'S OFFICE

(5)

W. Defendant: PERNKE

    Title: ASSISTANT STATE'S ATTORNEY

    Place of Employment: COOK COUNTY STATE'S ATTORNEY'S OFFICE

X. Defendant: GEMKE

    Title: ASSISTANT STATE'S ATTORNEY

    Place of Employment: COOK COUNTY STATE'S ATTORNEY'S OFFICE

Y. Defendant: ABISHI C. CUNNINGHAM-INDIVIDUALLY

    Title: JUDGE

    Place of Employment: COOK COUNTY CIRCUIT COURT (FIRST DISTRICT)

**(6)**

ATTACHED LIST OF DEFENDANT'''S

OFFICE OF THE COOK COUNTY STATE'S
ATTORNEY'S OFFICE, JOHN MAHONEY,
ASA, KEVIN FINGER ASA, ASA.
PERNEKE, ASA. GEMSKE, in there
official capacity as agents
of Cook County, and individually,
ABSHI C. CUNNINGHAM, individually,
and in his official capacity
as a Cook County Judge, THE
CHICAGO POLICE DEPARTMENT, CITY
OF CHICAGO, Det. LAWRENCE POLI
#5th district, Sgt. DEAN ANDREWS
#902, Sgt. JEROLD SWARBRICK
#1677, Det. DAN STACK #201555,
Det. LAWRENCE SOLTYSIAK #20592,
Det. JAMES PARKER #21027, Sgt.
JAMES McGOVERN #1832, Det. HECTOR
MATHIS #9350, Det. MARIA PENA
#15905, Sgt. JOE MANNO #2082,
Det. MIKE FELDMAN #2119, Det.
CY KOMOROWSKI #20177, Sgt. RICHARD
ELMER #949, Det. SUSAN JAMES
#20872, Det. WILBUR PIERCE #20115,
Sgt. RICHARD BATRICH #1032,
Det. JOHN GRIFFIN #21129, in
there official capacity as agents
of the Chicago Police Department,
and individually.

```
XVU
L/PT81APJ1      REQ/CHAMPAGNE
7L01XVUPEPT81APJ1
IL016023B
THIS NCIC INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
INQUIRY ON NAM/BOUCHER,STEVEN SEX/M RAC/W DOB/19550113 PUR/C
NAME                        FBI NO.         INQUIRY DATE
BOUSHER,STEVEN F            751533J7        2002/08/02

SEX RACE BIRTH DATE   HEIGHT WEIGHT EYES HAIR  BIRTH PLACE              PHOTO
M   W    1955/01/13   511    155    BLU  BRO   ILLINOIS                 N

FINGERPRINT CLASS        PATTERN CLASS
PO PO PI PM PO           WU WU WU WU WU WU WU WU WU WU
PI DI PI PM CI


ALIAS NAMES
BOOSHER,STEVEN F                BOUCHER,SMASH
BOUCHER,STEVAN F                BOUCHER,STEVE
BOUCHER,STEVE F                 BOUCHER,STEVEN
BOUCHER,STEVEN F                BOUCHER,STEVEN FARROW
BOUSHER,STEVE                   FARRELL,STEVE F
SMASH,STEVE F


OTHER            SCARS-MARKS-
BIRTH DATES      TATTOOS         SOCIAL SECURITY
1955/01/15       SC CHEST        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
                 SC L ARM        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
     END OF LEADS RESPONSE
```

EXHIBIT PAGE TO QUESTION 1. PAGE 2.

THIS PAGE OF QUESTIONS DOES NOT APPLY TO THE PRESENT CASE. (SEE ATTACHED PAGE FOR EXHAUSTION OF (STATE) CIRCUIT COURT REMEDIES. <u>SEE EXHIBIT PAGES 14, 15, and 16</u>.

III.    Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

N/A    YES ( )  NO ( )  If there is no grievance procedure, skip to F.

N/A    B.    Have you filed a grievance concerning the facts in this complaint?

N/A    YES ( )  NO ( )

C.    If your answer is **YES**:

N/A    1.    What steps did you take?

_____

_____

_____

N/A    2.    What was the result?

_____

_____

_____

N/A    3.    If the grievance was not resolved to your satisfaction, did you appeal?

N/A    What was the result (if there was no procedure for appeal, so state.)

_____

_____

_____

N/A    D.    If your answer is **NO**, explain why not:

_____

_____

_____

( 8 )

THIS PAGE OF QUESTIONS DOES NOT APPLY TO THE PRESENT CASE. (SEE ATTACHED PAGE FOR EXHAUSTION OF (STATE) CIRCUIT COURT REMEDIES. **SEE EXHIBIT PAGES 14, 15, and 16.**

N/A    E.    Is the grievance procedure now completed?   YES ( )   NO ( )

N/A    F.    If there is no grievance procedure in the institution, did you complain to
N/A        authorities?   YES ( )   NO ( )

N/A    G.    If your answer is **YES**:

N/A       1.    What steps did you take?

_____

_____

_____

N/A       2.    What was the result?

_____

_____

N/A    H.    If your answer is **NO**, explain why not:

_____

_____

_____

_____

(9)

Revised 4/01

IV.    List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A.    Name of case and docket number: STEVEN BOUCHER v. WEXFORD HEALTH SERVICES  2002MR000028D-001

B.    Approximate date of filing lawsuit: **Feburary 27, 2002**

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: STEVEN BOUCHER

D.    List all defendants: WEXFORD HEALTH SERVICES,WARDEN BLAIR LIEBACH, DANVILLE CORRECTIONAL CTR.DONALD N. SNYDER JR.IN HIS OFFICAL CAPACITY AS THE Illinois Department of Corrections

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): COUNTY OF VERMILION, ILLINOIS

F.    Name of judge to whom case was assigned: JUDGE BORBELY

G.    Basic claim made: TO PERFORM EMERGENCY SURGERY TO PREVENT BLINDNESS

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): STILL PENDING

H.    Approximate date of disposition: N/A

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised

### III. Exhaustion of State Judicial Remedies:

1. This cause and action should not be barred from prosecution, Plainiff asserts that he is aware of the two (2) year statute of limitations and that he had not exhausted his State Judicial remedies until **April 10, 2003**.

2. **Nature of Case:** During the years 1996 through 1998 plaintiff owned and operated a lien business that filed liens on individuals and business properties throughout Cook County and surrounding counties. His company was duly registered under the name (s) Contractors Lien Services, Lien Services, Lawyers Lien Services and Attorney's Lien Services. His corporations were located at 1901-03 W. Race Street Chicago, Illinois. These ligitimate entities were licenced by the State of Illinois,City of Chicago (Special use permit) and approved by the Cook County Board. His company also had contract lease space within the Cook County Recorder of Deeds offices within the Cook County building, with access to all property titles and discriptions. His companies employed a total of eleven (11) employees and in his first year of business his companies filed over 800 property liens totaling six (6) million dollars. Company earning were approximately seven hundred thousand dollars ($700,000.00). Prior to establishing Lien Services plaintiff owned and operated Marble World International and Impression's Stone companies for approximately eight (8) years. Plaintiff incorporated his companies debts and assets including outstanding collections into his newly formed Lien companies. One of these collection "debts" included an account under the name **ABISHI C. CUNNINGHAM** whom is presently a **Cook County Circuit Court Judge.** This outstanding debt contract was in excess of seven thousand dollars ($7,000.00) and in default for over five (5) years for services rendered. That on or about **August 20, 1997** the office of the Cook County State's Attorney filed a **Verified Complaint for Injunctive and Other Relief to obtain a court order to permanently enjoin the Plaintiff and his business from operating.** This suit arose after Plaintiff's attorney tried to contact and collect the outstanding debt that Judge Cunningham owed to the Plaintiff. That on **August 20, 1997 the Circuit Court of Cook County <u>DENIED</u> the State's request**

(11)

to permanently enjoin the Plaintiff's business and set the matter
over for further proceedings. That over the next several months
the office of the Cook County State's Attorney investagated
the Plaintiff's business by HARASSING the Cook County Recorder
of Deeds office personnel including Jessie White and his adminis-
trative staff by stating to said staff that the Plaintiff was
committing acts of fraud and illegal business practices. That
on or about **January 10, 1998** three of Plaintiff's employees were
arrested by the Chicago Police Department for allegedly robbing
one of Plaintiff's debtors by picking up a business check made
payable to Plaintiff's Lien business. Plaintiff bailed out his
employees and was subsequently told by detectives from the 17th
district that they had orders to shut Plaintiff's business down.
That on **January 12, 2003** the same date that Plaintiff bailed
out his three employees just hours later Police officers raided
without warrant Plaintiff's business and home arresting Plaintiff
and charging him with **Harrassment of a Witness** because a debtor
had called him pertaining to the arrest of his three employees.
Plaintiff's attorney **Marc Martin** immediately arranged Plaintiff's
bail in the amount of **ten thousand dollars ($10,000.00)** for
Plaintiff's release. That on **January 19, 2003** Chicago Police
officers again arrested Plaintiff while he was in the CCU of
a hospital after suffering a heart attack on **January 13, 1998**.
Plaintiff's attorney appeared on Plaintiff's scheduled court date
**January 19, 2003** and informed the court that Plaintiff was in
the hospital and the matter was then continued. Chicago Police
officers informed the Plaintiff that there was a bench warrant
for his failure to appear on January 19, 1998. Plaintiff's attorney
again arranged to post bail in the amount of **ten thousand dollars
($10,000.00) cash bail while plaintiff was still in CCU section
of the hospital.** That on **January 26, 1998** Chicago Police arrested
the same three employees that they had previously arrested that
were employed by the Plaintiff pertaining to an alleged criminal
damage to property report that allegedly occurred on **January
24, 1998** relating to a personal indifference between the Plaintiff
and a automobile repair business, a dispute were the Plaintiff
paid for car repair and the repair shop stripped the Plaintiff's
vehicle. At the time of there arrest they were under surveillance

by at least threeteen tactial Chicago Police officers. At the
time of the arrest Plainiff's employees were picking up his
vehicle that was allegedly being repaired and at such time had
not committed any crimes. Employees were driving Plainiff's
1994 Cadillac STS when they were arrested. Police confiscated
said vehicle at the time of there arrest. Minutes later Chicago
Police officers approximately sixteen (16) of them **raided without
warrant** the home and business premises belonging to the Plainiff
located at 1901-03 W. Race Street Chicago, Illinois. Placing
the Plainiff under arrest and telling Plainiff's employees to
leave the premises including Plainiff's home where he has his
private office. Some of Plainiff's employees that were refusing
to leave were told that if they did not leave they would be
subject to arrest. Further, Plainiff's employees were told that
if they came back to work in the future they would be subject
to arrest. Plainiff was taken to the 13th district Chicago Police
station where he was charged with Criminal Damage to Property.
He was not permitted to leave or contact his attorney. Neighbors
of the Plainiff's witnessed numerous Chicago Police personell
going in and out of the Plainiff's premises throughout the day
and night of January 26, 1998. Plainiff was taken to the Area
4 Detective Division of the Chicago Police Department where
he was placed into a windowless interogation room, handcuffed
to a wall ring. Plainiff requested access to a phone to contact
his attorney of record Marc Martin and was DENIED said request.
Plainiff requested food, water, and bedding and subsequently
DENIED said requests. Plainiff was not permitted to sleep, and
was continuiously interrogated for approximately 71 hours after
his intial arrest. Plainiff was interviewed by two (2) Cook
County State's Attorney's that new he was charged immediately
after his arrest days earlier, but still refusing Plainiff access
to his attorney and or family member. Plainiff was finally taken
to Court where he immediately posted the required bail through
his attorney Marc Martin for the charged offense of **Criminal
Damage to Property**, which is a class 4 felony. Upon his release
Plainiff returned to his home-office to find that the Chicago
Police Department had searched and removed personal and business
property including but not limited to 1800 business files,computers,
software, telephone system, U.S. currency, jewelry etc. etc.,

(13)

Plaintiff was informed by his attorney that the Chicago
Police Department obtained a warrant for his business premises
only on January 27, 1998. Plaintiff inquired on numerous occassions
as to the whereabouts of his 1994 Cadillac that was confisicated
on January 26, 1998 and the Chicago Police Department intentionally
concealed the whereabouts of said vehicle from Plaintiff and
continued to do so. That on Feburary 20, 1998 Plaintiff was arrested
at his home-office without warrant and charged with the criminal
offense of Theft relating to the cashing of a check made payable
to his company. Chicago Police officers removed Plaintiff's vehicle
from his garage without his permission and that had no connection
with the offense that he was being charged with. Said vehicle
was a 1997 Silverado Truck valued at thirty seven thousand dollars
($37,000.00). That the Chicago Police Department has concealed
the whereabouts of said vehicle. Further, Police Officers further
removed business property from Plaintiff's offices and home.
Respondant's continue to deny Plaintiff an accurate accounting
of said business property. Plaintiff subsequently was held without
bail VOBB since Feburary 20, 1998. On March 11, 1998 while in
custody Plaintiff was indicted for the following offenses relating
to cause #98CR7989: Robbery, Intimidation/Phys. Harm 6cts, Intim-
idation/Crim. Offense 6 cts, Conspiracy/Crim Launder Prop. 2
cts, Armed Viol/Category I Weapon, Crim Damage to Property.

On or about November 19, 1998 Plaintiff fired his private
attorney for his failure to represent Plainiff's best interests
in Plainiff's criminal defense and the return of Plainiff's
personal and business property.

On November 19, 1998 the Public Defenders office was appointed
to represent the Plaintiff.

On or about January 1998, the People dropped "Nolle Pros"
the charged offense (s) of Robbery, Harrasment of a Witness,
and Theft charges against the Plainiff.

On or about October 12, 1999 the People dropped "Nolle
Pros" 10 charges against the Plainiff.

On or about October 15, 1999 your Plaintiff was subsequently
found guilty of Armed Violence, Intimidation, and Criminal Damage
to Property.

(14)

On **December 02, 1999,** Plainiff was sentenced to **27 years** imprisonment.

Your Plainiff asserts that the People of the State of Illinois never introduced into evidence any of the personal and/or business property that was illegally seized on **January 26, 1998 and Feburary 20, 1998** at his criminal trial.

Respondants intentionally deprived Plainiff of an accurate inventory of all property seized as prescribed by law pursuant to 725 ILCS 5-108-10 and continues to deprive Plainiff of said accounting and property.

Plainiff further asserts that his court appointed trial counsel refused to address the issues of personal and business property seized because it was not related to Plainiff's criminal charges.

Plainiff states that he took the following pro-se actions concerning the return of his illegally seized business and personal property.

1. On **April 07, 2000,** Plainiff filed a Petition for copies of the two (2) search warrants.

2. That on **April 12, 2000** said Petition was **DENIED.**

3. On **May 03, 2000** Plainiff filed a **Petition for the Return** of **Personal Property Seized.**

4. On **May 08, 2000** Plainiff's **Petition for Return** of Personal **Property Seized was DENIED.**

5. That on **June 19, 2000** Plainiff filed a **Petition for Relief of Judgment pertaining to the May 08, 2000 decision.** Further, the court appointed the Public Defenders Office to investagate Plainiff's allegations set forth in his Petition for Relief of Judgment.

6. That on **June 19, 2001** the Court issued a Special Order and continued the matter.

7. That on **July 25, 2001** a hearing date was set on Petition.

8. That on **January 18, 2002** the Court issued a Special Order and **ALLOWED** THE Petition for Return of Personal Property Seized and **ORDERED THAT ALL PROPERTY BE RETURNED TO THE PLAINIFF.** Court ordered Petition **OFF CALL.**

9. That on **May 29, 2002** Plainiff filed for a **Writ of Mandamus to compell the respondants to turn over "return" his personal and business property PURSUANT TO THE ORDER OF JANUARY 18, 2002.**

10. In summary, Judge Porter **ALLOWED** Plainiff's Motion for Order of Mandamus and **Refused** to recind his **previous Order** and **Ordered** State's Attorney "Mahoney" to disclose to Plainiff where Plainiff's seized property was located and set the matter over on the following dates: July 31, 2002, August 02, 2002, September 13, 2002, September 26, 2002, October 22, 2002, November 15, 2002, December 18, 2002, January 23, 2003, Feburary 26, 2003, April 10, 2003. In summary: ASA Mahoney does not know where Plainiff's seized property is located. He stated on the record that the Chicago Police Department had possession of the property, the Chicago Police Department states that his office picked up said property and Judge Porter refused to Subpeona the Property Section of the Chicago Police Department.

11. Plainiff believes that he has exhausted all State Judicial remedies.

12. Your Plainiff, Steven Farrell Boucher, upon reasonable belief, believes that this Petition is not fivolous or malicious, but **colorable and meritorious.**

Respectfully submitted,

*Steven Farrell Boucher*
Steven Farrell Boucher

STATE OF ILLINOIS)
                 ) ss.
COUNTY OF LOGAN  )


**AFFIDAVIT**

I, Steven Farrell Boucher, declare under penalty of perjury pursuant to 735 5/1-109, that I have read the foregoing Complaint and subscribe thereto, and that all information contained therein is true and correct, except as to matters alleged upon information and belief, and; as to such matters, I verily believe them to be true to the best of my knowledge and belief.

/s/ *Steven Farrell Boucher*


(16)

**VI.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.
Cite no cases or statutes.

WHEREFORE, your Plainiff prays: that the above-named respond-
ants pay damages in the amount of one hundred and seventy-five
thousand dollars ($175,000.00) to replace Plainiff's personal

property, in addition pay to the Plainiff the sum of Five Hundred
thousand dollars ($500,000.00) to replace business property

illegally seized, in addition pay to the Plainiff the sum of
Five million dollars ($5,000.000.00) in lost business, in addition

One Hundred and Fifty thousand dollars ($150,000.00) pain and
suffering, in addition pay to the Plainiff One Million dollars

(1,000.000.00) in punitive damages.

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this
Complaint are true to the best of my knowledge, information
and belief.  I understand that if this certification is not correct,
I may be subject to sanctions by the Court.

Signed this _25th_ day of  JUNE   , 20 03

_Steven Farrell Boucher_

(Signature of plaintiff or plaintiffs)

STEVEN FARRELL BOUCHER

(Print name)

K78439

(I.D. Number)
C/O LOGAN CORRECTIONAL CTR.
1096 1350TH STREET
LINCOLN, ILLINOIS 62656


(Address)

Revised 4/01                                    ( 1 7 )